IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| JAMES RANDALL ROGERS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VISION ENGINEERING AND<br>DEVELOPMENT SERVICES, INC.,<br><br>　　　　　Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 3:09-cv-492 |

Defendant Vision Engineering and Development Services, Inc. (Vision) has filed a motion for summary judgment (Dkt. No. 17) in which it argues that all of Plaintiff James Randall Rogers's claims in this matter arising from a survey plat that Vision developed in 2005 should be dismissed. Alternatively, Vision contends that Mr. Rogers cannot recover more than $250,000 from Vision, since the parties agreed to this liability cap in their contract. Mr. Rogers has also filed a motion to amend his complaint (Dkt. No. 25).

The court agrees with Vision that, if Mr. Rogers's claims arise out of the survey plat that Vision developed on April 6, 2005, his claims are barred. Tennessee state law provides that:

> All actions to recover damages against any person engaged in the practice of surveying for any deficiency, defect, omission, error or miscalculation shall be brought within four (4) years from the date the survey is recorded on the plat. Any such action not instituted within this four (4) year period shall be forever barred. The cause of action in such cases shall accrue when the services are performed.

Tenn. Code. Ann. § 28-3-114 (2010). And Tennessee courts have held that a claim against a

professional land surveyor for faulty surveying must be brought within four years of the date the survey information is recorded on a plat. See, e.g., Douglas v. Williams, 857 S.W.2d 51, 54 (Tenn. Ct. App. 1993). Because Mr. Rogers did not file his complaint until November 19, 2009, over four years had elapsed since Vision prepared the survey plot on April 6, 2005. As a result, Mr. Rogers is barred from bringing any claims based on faulty surveying by the Tennessee statute of repose.

The court also agrees with Vision that Mr. Rogers is limited to a recovery of $250,000 in this action. The contract between Vision and Mr. Rogers contains the following risk allocation provision:

> In recognition of the relative risks, rewards and benefits of the project to both the Client and VISION, the risks have been allocated such that the Client agrees that, to the fullest extent permitted by law, VISION's total liability to the Client for any and all injuries, claims, losses, expenses, damages, or claim expenses arising out of this agreement from cause or causes, shall not exceed the amount of two hundred fifty thousand ($250,000) dollars. This limitation shall apply regardless of the cause of action or legal theory pled or asserted.

(McCarter Aff., at Ex. 1, Dkt. No. 18-1.) Tennessee courts uphold contractual limitations of liability when there is no evidence of fraud or intentional misrepresentation. See, e.g., Houghland v. Security Alarms & Servs., Inc., 755 S.W. 2d 769, 773 (Tenn. 1988). And Mr. Rogers has not provided any evidence that any misrepresentations that Vision may have made when the two parties formed the contract were intentional.

The court declines to dismiss the case completely because it appears that not all of Mr. Rogers's claims arise from the surveying plat. Mr. Rogers alleges that Vision made misrepresentations to him and that it was because of Vision's failure to obtain the necessary permits and approvals the Mr. Rogers suffered a loss. According to Mr. Rogers, the Sevier

2

County Highway Department refused to accept one of the roads on the plat for maintenance, and ordered that the road be destroyed and closed. (Proposed Am. Compl. ¶ 9, Dkt. No. 25.) And in the contract that Mr. Rogers negotiated with Vision, Vision agreed to "coordinate with local and state officials, as necessary regarding site engineering and design issues." (McCarter Aff., at Ex. 1, Dkt. No. 18-1.)

Mr. Rogers's Proposed Amended Complaint (Dkt. No. 25-1) does not contain sufficient information for the court to know whether his claims arise from the survey plat itself, from Vision's agreement to perform coordination work with state and local officials, or from certain verbal representations that Vision may have made. Accordingly, the court denies Mr. Rogers's motion to amend his complaint based on his current proposal. But the court will allow Mr. Rogers one month from the date of this order to submit another proposed amended complaint. In this amended complaint, Mr. Rogers cannot plead any causes of action based solely on the surveying plat. And any claims that are based on fraud, misrepresentation, or breach of contract must be plead with enough particularity and specificity that the court knows what statements Vision is alleged to have made or what contract provisions Mr. Rogers believes were breached.

ORDER

For the reasons stated above, the court GRANTS IN PART Vision's motion for summary judgment (Dkt. No. 17) and holds that any of Mr. Rogers's claims that are based solely on the survey plat are barred. But Vision's motion is also DENIED IN PART because the court's ruling does not dismiss the case. The court GRANTS Vision's motion for partial summary judgment (Dkt. No. 17) and holds that Mr. Rogers is limited to a recovery of $250,000. Finally, the court DENIES WITHOUT PREJUDICE Mr. Rogers's motion to amend (Dkt. No. 25). But

the court will allow Mr. Rogers one month from the date of this order to file a second proposed amended complaint that cures the deficiencies of the first.

SO ORDERED this 26th day of October, 2012.

BY THE COURT:

_/s/ Tena Campbell_____
TENA CAMPBELL
United States District Judge

4